[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, J N Enterprises, Inc., seeks a prejudgment remedy to secure a claim against defendant S J Development for $200,000.00. The court concludes the plaintiff has failed to show that it has been damaged. Accordingly, the application for a prejudgment remedy is denied.
In September of 2001, the plaintiff purchased from the defendant seven lots in a nine-lot subdivision. In a contract of sale that the parties signed in August of 2001, the plaintiff agreed at its expense to complete subdivision work as required by the Town of Monroe. This work included the completion of a road. In the sale contract, the parties noted that the defendant was going to convey two of the nine lots in the subdivision to Home Building Construction Company, Inc. The plaintiff agreed to cooperate with Home Building Construction Company, Inc. in completing the subdivision work.
To complete the road, the plaintiff needed to convey easements in the roadway to utility companies. After the plaintiff purchased the lots, it discovered that it could not grant the easements because the defendant had failed to transfer the roadway to the plaintiff and had transferred a small triangular piece of the roadway to Home Building Construction Company, Inc.
When the defendant had initially sought approval from the town for the subdivision, it prepared a subdivision map that depicted the small area within the triangle piece as part of the roadway. The map was modified before the subdivision was approved by the town. The modification may have been necessary to protect wetlands. In any event, as a consequence of the modification, the small triangular area was included in property that was conveyed by the defendant to Home Building Construction Company, Inc. CT Page 12010
In October of 2001, the defendant quit-claimed its interest in the roadway to the plaintiff without any additional consideration being paid by the plaintiff. See Exhibit 5. There was no evidence that the defendant's earlier failure to transfer the roadway to the plaintiff was anything other than a mistake. No harm has been shown with respect to this defect.
In June of 2002, Home Building Construction Company, Inc. quit-claimed its interest in the roadway to the plaintiff. See Exhibit 6. Without this piece, the plaintiff would not have been able to grant easements for underground utilities and, consequently, would have suffered a loss on the project. The plaintiff has now substantially completed the roadway to the mutual benefit of the plaintiff and Home Building Construction Company, Inc. The road services all nine lots.
The plaintiff seeks to recoup from the defendant the money it has expended to purchase the triangular piece. The plaintiff alleges in its complaint that in order to mitigate its damages it "elected to purchase the land from its owner, Home Building Construction Company, Inc., for the sum of $200,000.00, subject to adjustment. . . ." (Emhasis added) A letter from the plaintiff to Home Building Construction Company, Inc., sets forth the adjustments with respect to the sales price. The letter is signed and approved by a representative of Home Building Construction Company, Inc. In the letter, the plaintiff states, in part, as follows: "You have agreed to accept, in full satisfaction of our obligation to your company the lesser of $200,000.00 or one-half of any recovery we eventually collect, net of costs of the lawsuit. On our part, we will promptly initiate suit and pursue the action with diligence. We will have no obligation to make any payment to your company on account of the conveyance of its interest in the roadbed until such time as we collect any judgment against our Seller [the defendant herein]." See Exhibit B.
So far, the plaintiff has not paid anything to Home Building Construction Company, Inc. for the triangular piece. In light of the adjustment agreement, the plaintiff should not pay anything in the future. The plaintiff has failed to show that it has been damaged.
The application for prejudgment remedy is denied.
 _____________ THIM, J.
CT Page 12011